**Louise M. CAPLAN, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 02–1044.

United States Court of Appeals, District of Columbia Circuit.

Nov. 12, 2002.

ON PETITION FOR REVIEW OF AN ORDER OF THE DEPARTMENT OF TRANSPORTATION

Before EDWARDS, SENTELLE, and HENDERSON, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review of an order of the Department of Transportation was considered on the briefs and appendices filed by the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be denied for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

■ Petitioner's claim that the Department of Transportation failed to investigate her complaint is belied by the agency's January 11, 2002, decision summarizing the results of its "investigation." As to petitioner's argument that DOT was additionally required to adjudicate her complaint on the merits, petitioner offers no persuasive reason to stretch the plain meaning of "investigate," as used in 49 U.S.C. § 41705(c)(1), to include such a requirement. *Cf. Brotherhood of Railway & Steamship*

*Clerks v. Association for the Benefit of Non–Contract Employees,* 380 U.S. 650, 662, 85 S.Ct. 1192, 14 L.Ed.2d 133 (1965) (Railway Labor Act's requirement that agency "investigate" representation disputes did not mandate that the investigation "take any particular form"; an "investigation is essentially informal, not adversary") (internal quotations omitted). Moreover, petitioner's contention, based entirely on the National Council on Disability's written recommendations to Congress, that Congress intended to include this requirement in § 41705 is unavailing because the Council's report nowhere suggests that DOT be required to adjudicate separately every administrative complaint, and the Council's recommendations in any event do not bind Congress. Nor has petitioner rebutted the presumption that DOT's discretionary decision not to initiate an enforcement proceeding in response to her complaint is non-reviewable. *See Heckler v. Chaney,* 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985); *Block v. SEC,* 50 F.3d 1078, 1082 (D.C.Cir.1995). Petitioner points to no statutory or regulatory enforcement standard and does not argue that the agency has adopted a policy that amounts to an abdication of its statutory responsibilities.

Petitioner's procedural due process claim similarly fails because "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Olim v. Wakinekona,* 461 U.S. 238, 250 n. 12, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Moreover, neither Congress nor DOT itself has created a liberty interest because neither has imposed limits on DOT's enforcement authority.

Petitioner's challenge to the dismissal of her complaint against Continental Airlines similarly fails because petitioner points to no authority requiring DOT to resolve material factual disputes presented by her complaint, and she does not specify which facts DOT allegedly ignored. Nor did DOT err in concluding that petitioner's allegations against Continental were comparable to, but less egregious than, the violations covered by the DOT–Continental settlement agreement. Like the incident alleged by petitioner, the violations covered by the settlement agreement involve the denial of requests for a wheelchair or other mobility assistance; but unlike petitioner's allegations, those violations also involved the stranding or abandonment of disabled passengers in a wheelchair in a terminal or on an airplane, or the failure to provide mobility assistance in time for passengers to reach connecting flights. Finally, petitioner's claim that DOT's general enforcement policy constitutes a substantive rule adopted without notice and the opportunity to comment is unavailing because there is no indication in the record that the policy is binding on DOT or creates any rights and obligations. *See General Elec. Co. v. EPA,* 290 F.3d 377, 382 (D.C.Cir.2002).